FILED IN
U.S.

DEC -7

LUTHER
By:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CASEY BRIDGES,<br>    Plaintiff, | : PRISONER CIVIL RIGHTS<br>: 42 U.S.C. § 1983<br>: |
| v. | : CIVIL ACTION NO.<br>: 1:04-CV-3222-JEC |
| MILTON E. BUDDY NIX, JR.,<br>et al.,<br>    Defendants. | :<br>:<br>: |

### ORDER

The Court on May 23, 2005, found that Plaintiff's ex post facto claims against Defendants were moot and dismissed this action. (Doc. No. 14.)  The action currently is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 16), Motion for Service Waiver Package (Doc. No. 17), Motion for Appointment of Counsel (Doc. No. 18), and proposed Order to Show Cause and Temporary Restraining Order (Doc. No. 19).  The Motion for Reconsideration, was timely filed within ten days of the entry of the final judgment and shall be considered as a timely motion under Fed. R. Civ. P. 59(e).

I. **Discussion**

In the instant motion seeking reconsideration, Plaintiff asserts that, notwithstanding the Georgia State Board of Pardons and Paroles's ("Board's") press release that it is no longer applying

AO 72A
(Rev.8/82)

the 90-percent policy,[1] the Board is still retroactively applying that policy to him and other prisoners. Plaintiff contends that the Board has "refused to do anything about it, except lie and dec[ei]ve the public into thinking the Board is doing the right thing" and "[t]here are no assurances that the members of the Board will do as they say and conform their policies to the law." (Doc. No. 16, Br. in Supp. ¶¶ 7, 23, 38, 40.) Plaintiff argues that before the issue is properly considered moot, the "Board must demonstrate and make a substantial showing by their actions, instead of simple lip-service or press releases, that they are complying with the laws." (Id. ¶ 48 and Mem. in Supp. ¶22.) Plaintiff further claims that damage claims do not become moot. (Doc. No. 16, Mem. in Supp. ¶ 26.) Plaintiff also contends that the continued application of the 90-percent policy not only violates the Ex Post Facto Clause, but it violates due process, equal protection, and the Eighth Amendment. (Doc. No. 16, Br. in Supp. ¶¶ 2, 29, 41.)

---

[1] Under the 90-percent policy, the Board had required inmates who were convicted of certain crimes after January 1, 1998, to serve 90 percent of their prison terms before becoming eligible for a parole hearing. See Jackson v. State Bd. of Pardons and Paroles, 331 F.3d 790, 793 (11th Cir.), cert. denied, 540 U.S. 880 (2003). That policy was later adjusted to apply only to inmates who were convicted of certain crimes committed after January 1, 1998. Id. at 793 n.3. The Board on March 10, 2005, issued a press release stating that (1) it would not contest a recent judicial decision that had found the 90-percent policy was without force or effect and (2) it would reconsider all the cases to which it previously had applied the 90-percent policy. (See Doc. No. 14 at 4.)

2

The Federal Rules of Civil Procedure allow a party to move this Court for alteration or amendment of a judgment by this Court if the motion is filed within ten days of the entry of the judgment. Fed. R. Civ. P. 59(e). The grounds, under Rule 59(e), for reconsidering a judgment are "an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." United States v. Battle, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003). "A motion to reconsider must demonstrate why the court should reconsider its decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (citation omitted).

Plaintiff fails to show any intervening change in controlling law, new evidence, clear error, or manifest injustice. All he shows is his own conjecture that the Board is still applying the 90-percent policy. This Court previously expressed doubt that the Board had ever applied the 90-percent policy to Plaintiff (who both committed his crimes and was convicted before 1998),[2] but that, even if it had, the issue was now moot. (See Doc. No. 14 at 2, 4.) Because the Board ceased applying the 90-percent policy as a result of a court order rather than voluntarily, this Court is persuaded that it is unreasonable to expect the Board to begin applying the

---

[2] It does not appear that the 90-percent policy was ever applied to persons who both committed their crimes and were convicted before 1998. See Jackson, 331 F.3d at 793.

3

policy again and, as previously found, the issue is moot. See Wilderness Watch and Pub. Employees for Envtl. Responsibility v. Mainella, 375 F.3d 1085, 1090 n.6 (11th Cir. 2004) (stating that the "'mere voluntary cessation of a challenged practice'" does not render a claim moot," and the court must be persuaded "that the challenged conduct cannot reasonably be expected to start up again"). Plaintiff's conjecture provides insufficient grounds for reconsideration of this Court's previous decision regarding mootness.

Although Plaintiff contends that damage claims do not become moot, he did not seek damages in his original complaint, and further, Defendants are immune from damage claims. (See Doc. No. 1 at 4 and attach. at 8); see also Fuller v. Georgia State Bd. of Pardons and Paroles, 851 F.2d 1307, 1309-10 (11th Cir. 1988). As a final matter, the facts alleged by Plaintiff do not raise due-process, Eighth-Amendment, or equal-protection concerns. See Sultenfuss v. Snow, 35 F.3d 1494, 1499-1503, (11th Cir. 1994) (holding that there is no constitutional right to be released on parole, and Georgia law does not create a liberty interest in such release that is protected by the Due Process Clause of the Fourteenth Amendment); Thomas v. Georgia State Bd. of Pardons and Paroles, 881 F.2d 1032, 1034 n.3 (11th Cir. 1989) (stating that, absent a showing that a contested parole decision was "made on the basis of race, poverty, or some other constitutionally invalid

reason . . . and that similarly situated inmates who were not members of the protected class received parole," there is no equal protection claim); Culp v. U.S. Parole Comm'n, 571 F.2d 979, 979 (5th Cir. 1978) (stating that the denial of parole "does not work a grievous loss" such that it implicates Eighth Amendment guarantees). This Court finds no grounds to reconsider the May 25, 2005, decision dismissing this action.

## II. Conclusion

It is **ORDERED** that Plaintiff's "Motion for Reconsideration" (Doc. No. 16) is **DENIED**.

It is **FURTHER ORDERED** that Plaintiff's "Motion for Service Waiver Package" (Doc. No. 17), "Motion for Appointment of Counsel" (Doc. No. 18), and proposed Order to Show Cause and Temporary Restraining Order (Doc. No. 19), are **DENIED** as moot.

**IT IS SO ORDERED**, this 7 day of December, 2005.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE